UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
WINNIFRIED NOEL CHARLES,

                              Plaintiff,

          - against -                                          07 CV 08324 (JSR)

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security, in his official
capacity,  ENRICA TROY, MARY ANN GANTNER ,
and the DEPARTMENT OF HOMELAND SECURITY,

                              Defendants.

----------------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

Winnifried Noel Charles, through her counsel, comes before this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for an order allowing the filing of her first Amended Complaint in this matter, adding additional legal grounds to the claims asserted in her original Complaint, based upon the reasons set forth below.

### STATEMENT OF PROCEDURAL HISTORY

On September 24, 2007, Plaintiff Winnifried Noel Charles filed a Complaint against defendants Michael Chertoff, the Secretary of the Department of Homeland Security, Enrica Troy, Mary Ann Gantner, and the Department of Homeland Security.  Plaintiff's Complaint alleges that she was denied promotions by defendants based on her race and national origin in violation of Title VII of the 1964 Civil Rights Act (42 U.S.C. 2000e et seq.).

The parties appeared before the Hon. Jed S. Rakoff for a scheduling conference on December 6, 2007.  The parties each served their initial requests for the production of documents, presentation of deposition witness and answers to interrogatories on or about December 14, 2007.

The parties each responded to the others' initial demands in January 2008.  No depositions have been taken thus far and second requests for discovery have not been served.

Plaintiff now seeks to file an Amended Complaint (see proposed Amended Complaint attached herein as "Exhibit 1"), adding additional legal grounds in addition upon the theory of employment discrimination for failure to promote on the basis of race or national origin, specifically, failure to promote in violation of the New York State Human Rights Law (Exec. L. § 290 et. seq.), and the New York City Human Rights Law (Admin. Code tit. 8-101 et seq.)   Plaintiff brings this motion in accordance with the Court's scheduling order which orders that the joinder of parties and amendment of pleadings shall be completed by this date, February 28, 2008.

## ARGUMENT

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED BECAUSE PLAINTIFF MEETS THE REQUIREMENTS OF RULE 15(A)

Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d. Cir. 2000) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  Indeed, "[t]he rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1999).

Defendants would suffer no prejudice if the amendment is allowed.  In determining what constitutes prejudice, courts in this Circuit generally consider whether the "assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent plaintiff from bringing a timely action in another jurisdiction.'"  Monahan, 214 F.3d at 284

(quoting <u>Block</u>, 988 F.2d at 350).   Discovery is not complete, and this motion is made within the contemplated deadline for joinder or amendments to the Complaint.

Plaintiff has not acted in bad faith in seeking to amend the Complaint at this stage in the proceeding.  Plaintiff's purpose is to expand the grounds for relief based on allegations of fact identical to those alleged in the original Complaint and upon a theory of recovery identical to that asserted in the Complaint.

Finally, the filing of the Amended Complaint is not futile, states valid bases alleging a claims on a theory that is as viable under Title VII as it under the New York State Human Rights Law, and the New York City Human Rights Law.

Accordingly, the Defendants can suffer no prejudice from the Amendment, as Plaintiff has neither filed a motion for leave to amend in bad faith nor unduly delayed in filing this Motion, and there is no futility in her filing the Amendment.  Plaintiff respectfully requests the Court to grant the motion for leave to amend the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant her motion for leave to file the Amended Complaint and that the proposed Amended Complaint accompanying this Motion and Memorandum be filed and served upon defendants.

Dated:  New York, New York
      February 28, 2008               Respectfully submitted,

                                 /s/
                          _____
                          Michael P. Mangan (MM-5773)
                          80 Wall Street, Suite 1214
                          New York, New York 10005
                          Phone: (212) 248-2171
                          Fax:    (212) 509-4522