UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WINNIFRIED NOEL CHARLES

                            Plaintiff,

                                                                                                   VERIFIED COMPLAINT

      - against -

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security, in his official
capacity,  ENRICA TROY, MARY ANN GANTNER ,
and the DEPARTMENT OF HOMELAND SECURITY

                            Defendants.
-------------------------------------------------------------------------X

Plaintiff, by her attorneys, *The Law Offices of* **MICHAEL P. MANGAN LLC.,** for his Complaint against the Defendants, allege, at all times material herein, that:

## PRELIMINARY STATMENT

1) Winnifried Noel Charles, a naturalized American citizen of Trinidadian descent and African descent, brings this action pursuant to Title VII of the 1964 Civil Rights Act, as amended and the Civil Rights Act of 1978, the New York State Human Rights Law (Exec. L. § 290 et. seq.), and the New York City Human Rights Law (Admin. Code tit. 8-101 et seq.) to obtain relief after wrongfully being denied promotion by her employer, the Department of Homeland Security, based on her race and nationality.

2) Ms. Charles, who came to the United States in July 1986, and has been a citizen of the United States since December 1994, was employed by the Department of Homeland Security (previously the Immigration and Naturalization Service, but herein together referred to as "DHS") since 1996, and has during the interim graduated from law school and passed the New York State bar examination.  During her employment with the DHS as a District Adjudication Officer ("DAO") Ms. Charles has only received positive and above-average performance reviews.

3) Ms. Charles applied for promotion to Supervisory District Adjudication Officer on three

occasions between May and November 2005, and has not been selected for promotion on all three occasions.

4) Plaintiff's November 2005 promotion application was made pursuant to a notice for three openings for the position of Supervisory District Adjudication Officer in her district, and she learned in January 2006 that she had not been selected. In June 2006, in response to a Freedom of Information Act request, that she had been ranked third on the promotion eligibility list but was not selected, and that the persons selected for those positions did not rank higher than Ms. Charles on the promotion eligibility list, and in some cases were not on the list at all. Two of the three persons selected were of a different race than Ms. Charles. None were Trinidadian.

## VENUE AND JURISDICTION

5) Jurisdiction is founded on the existence of a Federal question arising under Title VII, pursuant to 42 U.S.C. § 2000e-16(c) (Title VII action against a federal employer). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6) Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## PARTIES

7) Plaintiff Winnifred Noel Charles is and was a resident of the State of New York, and of the United States of America.

8) Defendant Michael Chertoff is Secretary of DHS. He is being sued in his official capacity.

9) Defendant United States Department of Homeland Security ("DHS") is the federal government agency with primary responsibility for protecting our nation from terrorist attacks, and responding to natural disasters. DHS is an executive agency within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-

16(a), prohibiting discrimination in federal employment.

10) Defendant Mary Ann Gantner, is the director of the New York District of DHS, and, upon information and belief, was responsible for all promotional decisions in the New York District, and made the decision not to select plaintiff for promotion.

11) Defendant Enrica Troy was plaintiff's direct supervisor at DHS at the time plaintiff was denied promotion. Ms. Troy has frequently shown bias against plaintiff in denying her opportunities to attend training seminars or other training events. Upon information and belief, Ms. Troy provided her opinion and played a role in plaintiff's denial of promotion.

## EXHAUSTION OF REMEDIES

12) Raising discrimination based upon race and national origin, due process and civil service protection claims, plaintiff followed federal and DHS procedure by contacting an EEOC counselor within a timely manner and filing an EEOC charge of discrimination on October 5, 2006.

13) Plaintiff sought a mediation through the EEOC, which did not resolve her dispute, and received a right to sue letter from the EEOC dated June 19, 2007, deemed to be served on June 24, 2007.

## FACTS

14) Plaintiff began her employment as a District Adjudication Officer ("DAO") for the DHS on October 25, 1998 and worked for DHS as a DAO until September 7, 2006 when she took a leave of absence for an internship with the New York State Unified Court System.

15) During Plaintiff's employment with DHS, she has only received positive performance reviews and has always received incremental grade and step advancements for increased pay in her position, as per the federal grading and payroll procedures.

16) Plaintiff never received a negative performance review, nor has she ever been disciplined, censured or officially reprimanded during her employment with DHS.

17) From 2001 to 2006, plaintiff attended law school at nights, completing her degree in 2005. Plaintiff passed the bar in New York State in 2006.

18) In May 2005, pursuant to announcement in the New York district for an opening to the position above hers, Supervisory District Adjudication Officer ("SDAO"), plaintiff applied for that promotion. As part of the application process, plaintiff completed an examination of approximately 50 questions and submitted her resume on federal form OF 612. The announcement was not specific about the number of SDAO positions but stated a "few" openings in the district were available.

19) Plaintiff never received notification that she was not selected for that opening.

20) Plaintiff communicated with the DHS office responsible for notification of acceptance or denial for promotion applications, but was never told of the outcome of that application. Plaintiff made a Freedom of Information Act ("FOIA") request for information following that application, but did not get a response to her request.

21) In November 2005, the New York DHS district announced openings for three (3) SDAO positions. Plaintiff again applied by submitting her resume per OF 612, and took the examination of approximately 50 questions as was necessary for applicants.

22) In January 2006, plaintiff learned that she had been denied the promotion.

23) Plaintiff made a FOIA request for information from DHS regarding her application and the names of the persons who had been given the promotions, and all other relevant materials.

24) In June 2006, plaintiff received a response to her FOIA request. Information received showed that plaintiff had been ranked third on the promotion eligibility list (the "eligibility list"), but none of the promoted employees had been ranked higher than plaintiff on the eligibility list, that one had been listed on a "non-traditional list" and that a third was not on any list.

25) Two of the persons given promotions were Hispanic, and the third was African American. None of the candidates were Trinidadian, nor were they Caribbean.

26) Upon information and belief, plaintiff was more qualified than each of the three persons promoted.

27) Upon information and belief, the DHS based its decision to promote these persons to SDAO based on bias of race and/or national origin.

## FIRST CAUSE OF ACTION

### Employment Discrimination Under Title VII of the 1964 Civil Rights Act, the New York State Human Rights Law (Exec. L. § 290 et. seq.), and the New York City Human Rights Law (Admin. Code tit. 8-101 et seq.)

28) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

29) Ms. Charles is a Trinidadian American and an African American and is a member of two protected classes.

30) An adverse employment action – denial of promotion – was taken against Ms. Charles because of her membership in one or both of these protected classes

31) Defendants refused to promote Ms. Charles on account of her national origin or race, and thus discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a), the New York State Human Rights Law (Exec. L. § 290 et. seq.), and the New York City Human Rights Law (Admin. Code tit. 8-101 et seq.).

32) As a result of defendant's action, Ms. Charles has suffered lost wages, and emotional damages of an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Freedom of Information Act – Withholding of Records

33) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

34) Defendants have failed to make promptly available all records sought by plaintiff's requests in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(a) Award back pay, plus interest, covering the period of January 2006 until the Court's award;

(b) Award plaintiff compensatory damages;

(c) Grant this petition for review of all of plaintiff's employment records and all documents related to all of plaintiff's applications for promotion and all reasons for not selecting plaintiff to be promoted, including the decision(s) to choose other persons to be promoted in plaintiff's stead;

(b) Punitive damages in the amount of one hundred thousand dollars ($100,000);

(c) Award reasonable attorney's fees and the costs of litigation of this action; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
February 28, 2008

Respectfully Submitted,
*The Law Offices of*
**MICHAEL P. MANGAN LLC**

_____
By: Michael P. Mangan
*Attorneys for Plaintiff*
80 Wall Street, Suite 1214
New York, NY 10005
(212) 248-2171