MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
By: JOSEPH A. PANTOJA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2785
Fax: (212) 637-2750
Email: joseph.pantoja@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WINNIFRIED NOEL CHARLES,                   :

                Plaintiff,              :

                                       :

          -against-                       :

                                       :

MICHAEL CHERTOFF, Secretary of the         :
Department of Homeland Security, in his official
capacity, ENRICA TROY, MARY ANN            :
GANTNER, and the DEPARTMENT OF
HOMELAND SECURITY,                         :

                Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No. 07 Civ. 8324 (JSR) (THK)

ANSWER TO
AMENDED COMPLAINT

        Defendants Michael Chertoff, in his official capacity as Secretary of the Department of Homeland Security, and the Department of Homeland Security ("DHS"); and Enrica Troy and Mary Ann Gantner[1] in their official capacities as current and former employees of DHS, respectively (collectively, "Defendant"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respond to the amended complaint dated February 28, 2008 (the "complaint") upon information and belief as follows:

        1.     The allegations in the first paragraph purport to characterize plaintiff's claim in this action, to which no response is required. To the extent a response is required, admit that

---

[1] Ms. Gantner is deceased. No defendant has been substituted for her in this action because she is not a proper party to this action.

plaintiff is a naturalized citizen of the United States who purports to bring this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and state law.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except admit that plaintiff is a naturalized United States citizen who was employed by the United States Citizenship and Immigration Services, which was previously known as the Immigration and Naturalization Service, between 1996 and 2006, and that during plaintiff's employment as a District Adjudication Officer, her annual performance reviews were positive.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except admit that plaintiff applied for the position of Supervisory Adjudication Officer ("SAO") on three occasions in 2005 and that she was not selected for that position.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admit that, on or before January 2006, plaintiff was notified that she had not been selected for the SAO position.

5. Paragraph 5 states conclusions of law to which no response is required. To the extent a response is required, deny the allegations contained in that paragraph, except admit that jurisdiction is specifically conferred upon this United States District Court by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and 28 U.S.C. §§ 1331, 1343.

6. Paragraph 6 states a conclusion of law to which no response is required. To the extent a response is required, admit that plaintiff's claims arose in the Southern District of New York.

7. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Admit the allegations in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10.	Deny the allegations contained in paragraph 10, except admit that Mary Ann Gantner, who is now deceased, was the District Director for the New York District during 2005 and 2006.

11.	Deny the allegations contained in paragraph 11, except admit that Enrica Troy was plaintiff's supervisor at the time of the non-selections at issue in the complaint, and deny knowledge or information sufficient to form a belief as to whether Enrica Troy played a role in plaintiff's non-selection.

12.	Deny the allegations contained in paragraph 12, except admit that, on October 5, 2006, plaintiff filed an EEOC charge alleging discrimination.

13.	Deny the allegations in paragraph 13, except admit that plaintiff sought mediation through the EEOC, that the ensuing mediation did not resolve her dispute, and that she received a letter from the EEOC dated June 19, 2007, in which she was notified of her right to bring suit in federal court.

14.	Admit the allegations in paragraph 14.

15.	Admit the allegations in paragraph 15.

16.	Admit the allegations in paragraph 16.

17.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Admit the allegations in paragraph 21, except deny knowledge or information sufficient to form a belief as to whether or not the November 2005 application constituted the first time plaintiff had applied for a promotion.

22. Admit the allegations in paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Deny the allegations in paragraph 34.

35. The last and un-numbered paragraph on page 6 sets forth plaintiff's prayer for relief to which no response is required.

## DEFENSE

36. The complaint fails to state a claim on which relief can be granted.

<u>DEFENSE</u>

37. Plaintiff has failed to exhaust her administrative remedies.

<u>DEFENSE</u>

38. Some or all of plaintiff's claims are time-barred.

<u>DEFENSE</u>

39. Plaintiff may not seek punitive damages in this action. <u>See</u> 42 U.S.C. § 1981a(b)(1).

<u>DEFENSE</u>

40. Enrica Troy, Mary Ann Gantner, and the agency named in the caption of the Complaint are not proper parties to plaintiff's claims in this action.

WHEREFORE, defendants demand judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including their costs and disbursements.

Dated: New York, New York
March 20, 2008

>MICHAEL J. GARCIA
>United States Attorney for the
>Southern District of New York,
>Attorney for Defendants

>By:   /s/ Joseph A. Pantoja
>JOSEPH A. PANTOJA
>Assistant United States Attorney
>86 Chambers Street -- 3rd Floor
>New York, New York 10007
>Tel.: (212) 637-2785

TO:

Michael P. Mangan, Esq.
80 Wall Street, Suite 1214
New York, NY 10005