


Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security
Washington, DC 20528

**Complaint of Winnifred Noel-Charles v. Michael Chertoff,**
**Secretary, Department of Homeland Security**
Agency Number: HS 06-CIS-002183

DEC 29 2006

### CERTIFIED AND REGULAR MAIL
### RETURN RECEIPT REQUESTED

Kent Arthur, Esq.
Bukh and Associates
1123 Avenue Z
Brooklyn, NY 11235

Dear Mr. Arthur:

This is the Department of Homeland Security's (DHS) Final Decision on the above-identified complaint of employment discrimination filed on October 5, 2006.

Complainant alleged that she was discriminated against on the bases of race (Black) and national origin (Trinidadian) when: 1) on or about May 2005, she was not selected for a Supervisory District Adjudication Officer position in the New York District as advertised under Vacancy Announcement FS-330054; and 2) in January 2006, she became aware that she had not been selected for Supervisory District Adjudication Officer positions in the New York District as advertised under Vacancy Announcements CIS-101146-NYC and CIS-103847-NYC.

Title 29, Code of Federal Regulations (C.F.R.) §1614.105(a)(1) provides that an aggrieved person must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. In this case, Complainant initially contacted an EEO Counselor on June 26, 2006. However, in her formal complaint she identifies January 2006, as the date of the most recent discriminatory event, which was at least three (3) months beyond the relevant time frame for contacting EEO with this allegation of discrimination.

29 C.F.R. §1614.105(a)(2) provides that agencies shall extend the 45-day time limit when an individual shows that she was not notified of the time limits and was not otherwise aware of them, or that she did not know and reasonably should not have known that the discriminatory matter occurred. The Equal Employment Opportunity Commission (EEOC) has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the 45-day limitation period is triggered. Ball v. U.S. Postal Service, EEOC Request No. 05880247 (1988). Thus, the limitation period is not triggered until a complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination have become apparent. Bracken v. U.S. Postal Service, EEOC Request No. 0590065 (1990).

US 27

DEC 29 2006

Pursuant to §1614.604(c), on October 24, 2006, the Agency inquired as to Complainant's reason for failing to comply with the applicable time limits. In an electronic mail response dated October 24, 2006, she asserted that she contacted an EEO Counselor within 45-days of the date when she received a response to one of the Freedom of Information Act (FOIA) requests that she had submitted concerning the vacancies at issue, and that "the information contained therein caused [her] first awareness of suspected selections."

EEOC has held that repeated non-selection combined with submission of a FOIA request can demonstrate that an employee suspected or should have suspected discrimination, despite assertions that he or she did not develop a reasonable suspicion until after receiving the agency responses to such information requests. See O'Neill v. Department of State, EEOC Appeal No. 01A61546 (2006); Lopez v. Department of Homeland Security, EEOC Appeal No. 01A32241 (2003). "When a complainant has some reason to support the belief that prohibited discrimination has occurred, contact with a Counselor must occur" and "[w]aiting until one has proof of discrimination before initiating a complaint can result in untimely contact." McCray-Ivey v. Department of Homeland Security, EEOC Appeal No. 01A43523 (2004). Therefore, where an employee has a reasonable suspicion of discrimination prior to filing a FOIA request, "the request will not toll the time frame for contacting a counselor." Wong v. Department of Defense, EEOC Appeal No. 01960917 (1996).

In Edwards v. Department of the Army, EEOC Appeal No. 01A42806 (2005), an employee filed a complaint involving her non-selection for certain promotions, which the agency dismissed for untimely counselor contact. On appeal, EEOC affirmed the agency's dismissal and held that the employee "had a reasonable suspicion of discrimination or should have had a reasonable suspicion of discrimination . . . when she began inquiring into the circumstances surrounding the two promotions at issue." In this case, although Complainant did not receive the FOIA information until the end of May 2006, she had previously not been selected under three separate vacancy announcements by January 2006, which triggered her inquiry into the facts surrounding these selections and caused her to submit at least two separate FOIA requests to the Agency. She asserted that she did not realize that suspect selections had been made until she received the FOIA information, which allegedly showed that the candidates selected either scored less than she did or were taken off non-traditional hiring lists as opposed to merit-eligible lists. However, her repeated non-selections coupled with her attempts to inquire about the selections demonstrate that she had or should have developed a reasonable suspicion of discrimination as early as January 2006, when she became aware of her non-selection for the two most recent vacancy announcements.

The record indicates that Complainant reasonably suspected discrimination with respect to her claims more than 45 days prior to the date when she initially contacted an EEO Counselor; therefore, she did not act with due diligence in the pursuit of her claims. Furthermore, she failed to present a persuasive argument to warrant an extension, estoppel or equitable tolling of the applicable time limit in which to initially contact EEO with an allegation of discrimination.

Accordingly, for the reasons stated and pursuant to the EEOC regulations cited, this complaint is dismissed in its entirety. This letter constitutes the final action by DHS on this complaint. If

US 29

Complainant is dissatisfied with this decision, she may file an appeal according to the instructions at Enclosure (1). The appeal form is at Enclosure (2).

Sincerely,

Carmen H. Walker
Deputy Officer
Equal Employment Opportunity Programs
Office for Civil Rights and Civil Liberties

Enclosures: (1) Notice of Appeal Rights
(2) EEOC Form 573

cc: Chief
U.S. Immigration and Customs Enforcement
EEO Formal Complaint Center
1 Federal Drive, Room 241
Ft. Snelling, MN 55111-4007

Winnifred Noel-Charles
123 Oak Ridge Road
Hopewell Junction, NY 12533

KHK

US 30

3

## NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

### FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. File your appeal by mail addressed to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC 20036**

Or by personal delivery to:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**1801 L Street, NW**
**Washington, DC 20507**

Or by facsimile to (202) 663-7022.

At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**
**Chief, EEO Complaints Program Management Office**
**B.H.W. Federal Building, Room G-56C**
**1 Federal Drive**
**Ft Snelling, MN 55111-4007**

And to:

**Department of Homeland Security**
**Office for Civil Rights and Civil Liberties / MS0800**
**245 Murray Lane, SW**
**Bldg 410**
**Washington, DC 20528**

US 31

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Chief, EEO Complaints Program Management Office, U.S. Citizenship and Immigration Services. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Chief, EEO Complaints Program Management Office, U.S. Citizenship and Immigration Services, within 30 days of the date you file your appeal.

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action. Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1) You must name Michael Chertoff, Secretary, Department of Homeland Security, as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

US 32

EEOC Form 573 REV 1/01

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

US 33

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination. | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___No<br>___Yes: Date Received _____ (Remember to attach a copy)<br>___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___No<br>___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___No<br>___Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001

2. **AUTHORITY**: 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

US 34

## CERTIFICATE OF SERVICE

I hereby certify that the Final Order in the discrimination case of *WINNIFRED NOEL-CHARLES v. MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY*, HS-06-CIS-02183 sent via certified mail, return receipt requested to:

**COMPLIANANT:**
WINNIFRED NOEL-CHARLES
123 OAK RIDGE ROAD
HOPEWELL JUNCTION, NY 12533

**CERTIFIED MAIL #:**
7005-1820-0000-5832-0294

**REPRESENTATIVE:**
KENT ARTHUR, ESQ.
1123 AVENUE Z
BROOKLYN, NY 11235

**CERTIFIED MAIL #:**
7005-1820-0000-5832-0300

**DATE: DECEMBER 29, 2006**

TENEDIA DAVIS, EEO ASSISTANT
OFFICE FOR CIVIL RIGHTS & CIVIL LIBERTIES
DEPARTMENT OF HOMELAND SECURITY
WASHINGTON, DC 20528-5072